The document below is hereby signed.

Signed: December 17, 2017



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOSHUA RICH, | ) | Case No. 17-00252 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION AND ORDER RE AMENDED MOTION TO REOPEN CASE

It appears that the real motivation for the debtor's amended motion to reopen this case is that the debtor is being sued by Lily Walton for a debt allegedly owed to her incident to their joint obligations incurred pursuant to a contract they entered into to purchase a piano. The debtor assumes that reopening the case and scheduling Walton as a creditor is necessary in order to have the discharge injunction of 11 U.S.C. § 524(a) apply to Walton. That assumption is in error. As explained below, the discharge injunction already applies to Walton (unless her debt is of a nondischargeable character, but the exhibits to the amended motion do not suggest that Walton has grounds for asserting that the debt is of a nondischargeable character). If Walton persists in pursuing the claim against the debtor, the debtor may file a motion to hold Walton in civil contempt.

The debtor's amended motion to reopen also states:

> Debtor . . . requests that Debtor's uncontested discharge be vacated so that additional creditors, co-debtors and "contracts" are added to his Voluntary Chapter 7 Petition.  This is so that the aforementioned has an opportunity to participate in his bankruptcy.

Reopening of the case and vacating the discharge are not required in order for the discharge injunction of 11 U.S.C. § 524(a) to apply to Walton.

I

This was a case in which no bar date was set for filing of claims.  Accordingly, it is not necessary to schedule such claims in order for them to be discharged by the debtor's discharge. *See Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467 (6th Cir. 1998); *Judd v. Wolfe (In re Judd)*, 78 F.3d 110 (3d Cir. 1996); *In re Hunter*, 116 B.R. 3 (Bankr. D.D.C. 1990); *Gordon v. Blubin (In re Bulbin)*, 122 B.R. 161 (Bankr. D.D.C. 1990).  The discharge injunction of 11 U.S.C. § 524(a) applies to Walton (unless her debt is of a nondischargeable character, which does not appear to be the case).[1]  If Walton persists in pursuing collection of the debt, the debtor can file a motion to hold Walton in civil

---

[1] Because no bar date was set in this case for filing proofs of claim, the exception of 11 U.S.C. § 523(a)(3)(A) to discharge does not apply.  While the exception in 11 U.S.C. § 523(a)(3)(B) might apply if the debt owed Walton was of a kind specified in 11 U.S.C. § 523(a)(2), (4), or (6), Walton's *Bill of Particulars* appended to the amended motion does not suggest that Walton has grounds for asserting that the debt is of a kind specified in § 523(a)(2), (4), or (6).

contempt, and in such a proceeding the court could hold Walton in civil contempt (unless the court determines that the debt is nondischargeable).  No reopening fee would be charged for reopening the case to pursue a motion for civil contempt for violation of the discharge injunction.

At this juncture, the reopening of the case to schedule unscheduled creditors is unnecessary to improve the protections afforded the debtor by the discharge injunction.  However, if at a later juncture, the case were reopened so that a trustee could be appointed to administer unscheduled assets (which is not a stated purpose of the instant motion to reopen), a bar date for filing claims might be set, and only scheduled creditors would receive notice of the bar date.  Cases are seldom reopened for the purpose of having a trustee appointed to administer unscheduled assets, so it seems unlikely the debtor will ever need to schedule unscheduled claims in order for the holders of the claim to receive notice of a possible distribution from the estate.  Nevertheless, if the debtor wants to go to the expense of scheduling previously unlisted claims and contracts, and complying incident thereto with LBRs 1007-2(a), 1009-1, and 1009-2, so be it.

II

The amended motion also requests that the discharge be vacated. As discussed above, adding Walton as a creditor is not required in order for the discharge injunction of 11 U.S.C. § 524(a) to apply to Walton. In order to have the debt to Walton discharged, it is not necessary to have the discharge vacated and re-issued after Walton is added as a creditor.

In any event, a debtor is not entitled to have the discharge vacated unless the court committed error in entering the discharge. *See In re Newton*, 490 B.R. 126 (Bankr. D.D.C. 2013). No error was made in entering the discharge. Under Fed. R. Bankr. P. 4004(c)(1), the case was at a juncture that the court was required to enter the discharge when it entered the discharge.[2] Accordingly, the request to vacate the discharge will be denied.

III

The debtor does not identify the "contracts" he wants to schedule (despite the court's having directed the debtor to identify the contracts). It is likely that he wants to schedule the debt or debts under the contract to purchase the piano, and

---

[2] Rule 4004(c)(1) specifies when "the court shall forthwith grant the discharge." The case had reached the posture that the court was required under Rule 4004(c)(1) forthwith to issue the discharge, and no exceptions applied to that command. Prior to the entry of the discharge, the debtor did not file a motion under Fed. R. Bankr. P. 4004(c)(2) to delay the entry of discharge.

any related agreement with Walton, that are the basis for Walton's claim against him. The amended motion does not suggest that the debtor wishes to schedule any contract as an asset of the estate. Accordingly, this is not an appropriate case at this juncture to direct the United States Trustee pursuant to Fed. R. Bankr. P. 5010 to appoint a trustee. If the debtor does schedule previously unscheduled assets, the later closing of the case will not be treated as effecting an abandonment of the assets to the debtor (unless the court orders otherwise or a trustee was appointed to administer the assets). It is thus

ORDERED that the amended motion to reopen is disposed of as follows:

(1) the case is reopened to permit the debtor to schedule previously unlisted claims and contracts, but:

(a) the debtor shall file any such amended schedules within 35 days after entry of this order; and

(b) in filing such amended schedules, the debtor shall scrupulously comply with LBRs 1007-2(a), 1009-1, and 1009-2;

(2) the request to vacate the debtor's discharge is denied;

(3) if the debtor amends the debtor's schedules to schedule previously unscheduled assets, the later closing of the case will not be treated as effecting an abandonment of

the assets to the debtor under 11 U.S.C. § 554(c) (unless the court orders otherwise or a trustee was appointed to administer the assets);

    (4) the United States Trustee shall not appoint a trustee (unless the court orders otherwise based on further developments after the reopening of the case); and

    (5) after the passage of 28 days after entry of this order, the Clerk shall re-route this matter to the court to determine whether to direct the Clerk to close the case anew.

    [Signed and dated above.]

Copies to: Debtor; Office of U.S. Trustee; recipients of e-notification of orders;

Lily M. Garcia Walton
1022 Old Ridge Road
Lovingston, VA 22949-2552